UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PAUL DANGELO, on behalf of himself and all others
similarly situated,

                         Plaintiff                              **REPORT AND**
                                                             **RECOMMENDATION**

                 -against-                                   19-CV-1915 (SJF) (ARL)

CLIENT SERVICES, INC. and CSI INTERCO, LLC,

                           Defendants.
------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Plaintiff Paul Dangelo, on behalf of himself and all others similarly situated ("Plaintiff")

bring this action against defendants Client Services, Inc. ("Client Services") and CSI Interco,

LLC ("CSI", and together with Client Services, "Defendants"), seeking damages for violations

of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Before the

Court, on referral from District Judge Feuerstein, is the motion to dismiss pursuant to Federal

Rules of Civil Procedure 12(b)(6) of Defendants.  For the reasons stated below, the Court

respectfully reports and recommends that the motion to dismiss be granted.

**BACKGROUND**

**A.    Factual Averments**

       The following facts are drawn from the complaint.  The plaintiff, Paul Dangelo

("Dangelo"), is a resident of Suffolk County, New York.  Compl. ¶5.  Defendant Client Services

is a Missouri corporation and a debt collector.  *Id*. ¶¶ 10-13.  Defendant CSI is a North Carolina

Limited Liability Company and also a debt collector.  *Id*. ¶¶ 14-18.  Client Services is a wholly-

owned subsidiary of CSI.  *Id*. ¶19.  According to the complaint, Dangelo owed a debt that was

primarily for personal, family, or household purposes.  *Id*. ¶ 9.  At some point, the debt was

assigned or otherwise transferred to CSI for collection.  In its efforts to collect the debt, Client

Services contacted Dangelo by letter dated April 3, 2018 (the "Collection Letter").  *Id.* ¶ 7, Ex.

A.  The Collection Letter was sent on Client Services letterhead and set forth the following:

> CURRENT CREDITOR:  SYNCHRONY BANK BP
> ACCOUNT NUMBER: XXXXXXXXXXXX5781
> BALANCE DUE: $749.52
> REFERNECE NUMBER: 25842260
>
> **DEBT VALIDATION NOTICE**
>
> The above account has been placed with our organization for collections.

| | |
|---|---|
| Balance Due At Charge-Off: | 749.52 |
| Interest Post-Charge Off: | 0.00 |
| Other Charges Post-Charge Off: | 0.00 |
| Payments Made Post-Charge-Off: | 0.00 |
| Current Balance: | 749.52 |

> Unless you notify our office within thirty (30) days after receiving this notice
> that you dispute the validity of this debt or any portion thereof, this office will
> assume this debt is valid.  If you notify this office in writing within thirty (30)
> days from receiving this notice that you dispute the validity of this debt or any
> portion thereof, this office will obtain verification of the debt or obtain a copy
> of a judgment and mail you a copy of such judgment or verification.  If you
> request of this office in writing within thirty (30) days after receiving this
> notice, this office will provide you with the name and address of the original
> creditor, if different from the current creditor.
>
> We look forward to working with you in resolving this matter.
>
> Joshua Pinkowski

*Id., Ex. A.  The Collection Letter also stated in in all capital letters "This Communication is from

a Debt Collector.  This is an attempt to collect a debt.  Any information obtained will be used for

that purpose." *Id.*  Finally, the letter advised Dangelo that:

> In accordance with the Fair Debt Collection Practices Act , 15 U.S.C. § 1692 et
> seq., debt collectors are prohibited from engaging in abusive, deceptive, and
> unfair debt collection efforts, including but not limited to: the use or threat of
> violence, the use of obscene or profane language, and repeated phone calls

made with the intent to annoy , abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: supplemental security income (SSI), social security, public assistance (welfare), spousal support including maintenance (alimony) or child support, unemployment benefits, disability benefits, workers' compensation benefits, public or private pensions, veterans' benefits, federal student loans, federal student grants, federal work study funds, and ninety percent of your wages or salary earned in the last sixty days.

*Id.*

Notwithstanding the information provided by CSI, Dangelo contends that the Collection Letter failed to clearly state that the debt owed was static, leading Plaintiff to believe the amount owed could change. *Id*. ¶¶ 23-37. Plaintiff alleges in Counts One and Three that "if" the debt was not accruing interest or other charges than the Collection Letter was misleading in its use of the phrase "Current Balance." *Id*. ¶¶ 23-25, 31-33. In Count Two of the Complaint Plaintiff alleges that "upon information and belief, the creditor continued to accrue interest, late charges, and/or other charges" and therefore the Collection Letter was false and misleading because it did not disclose the amount of interest, late charges and other charges. *Id*. ¶¶ 26-30. Counts Four and Six of Plaintiff's Complaint[1] allege that the Collection Letter was a false and misleading means to collect a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10), and Defendants' delivery of the Collection Letter was a violation of 15 USC 1692g. *Id*. ¶¶ 34-37.

## B. Procedural History

On April 3, 2019, Dangelo commenced this action, alleging violations of Sections 1692e and 1692g of the FDCPA. *Id*. ¶ 25. Defendants moved to dismiss Counts One, Three, Four and

---

[1] The Complaint does not contain a Fifth Cause of Action.

Six of the Complaint on October 28, 2019.  ECF No. 17.  By Order dated October 28, 2019, the

motion was referred to the undersigned by Judge Feuerstein.

## DISCUSSION

### A.    Standard of Review

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing

a motion to dismiss.  District courts are to first "identify [ ] pleadings that, because they are no

more than conclusions, are not entitled to the assumption of truth."  *Id.* at 679.  Though "legal

conclusions can provide the framework of a complaint, they must be supported by factual

allegations."  *Id.*  Second, if a complaint contains "well-pleaded factual allegations, a court

should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief."  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a [d]efendant has acted unlawfully."  *Id*. at 678 (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).).

"The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency

of the plaintiff's statement of a claim for relief without resolving a contest regarding its

substantive merits.  The Rule thus assesses the legal feasibility of the complaint but does not

weigh the evidence that might be offered to support it."  *Global Network Commc'ns, Inc. v. City

of New York*, 458 F.3d 150, 155 (2d Cir. 2006).  Thus, in adjudicating a motion under Rule

12(b), "a district court must confine its consideration to facts stated on the face of the complaint,

in documents appended to the complaint or incorporated by reference, and to matters of which

4

judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328

(S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53

(2d Cir. 2002).

### B.  Analysis

In his first and third causes of action, Dangelo complains that the collection letter uses the

language "current balance" which "could be interpreted by the least sophisticated consumer in a

manner that would cause such consumer to falsely believe that her balance might increase."  Pl.

Mem. at 2.  According to Plaintiff, "[i]f on the date of Exhibit A the creditor was not accruing

interest, late charges, and/or other charges on the "Current Balance" of $749.52 set forth in

Exhibit A, then Defendants violated 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC

1692e(2)(A), and/or 15 USC §1692e(10) as a result of Exhibit A setting forth the "current"

balance due or describing the balance as the "current" balance.  Compl. ¶ 25.  In his third cause

of action, Plaintiff  similarly alleges that the letter is deceptive because "[s]etting forth the

'current' balance or describing the balance as the 'current' balance without any other information

regarding the balance in and of itself amounts to a false, deceptive or misleading means in

connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and

15 USC 1692e(10) and/or insufficiently sets forth the amount of the debt in violation of 15 USC

1692g(a)(1).  *Id.* ¶ 33.

The FDCPA was enacted to protect consumers from deceptive or harassing practices

utilized by debt collectors.  *See Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002).  The Act

also seeks "to [e]nsure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged." *Iadevaio v. LTD Fin. Servs., L.P.,* No.

17CV4112JFBSIL, 2019 WL 4094922, at *3 (E.D.N.Y. Aug. 29, 2019)(citing 15 U.S.C. §

1692(e)).  "To determine whether a debt collector's communication violates the FDCPA, courts

apply an objective test based on the understanding of the 'least sophisticated consumer." *Id.*

(citing *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir. 1993)).  To this end,

"courts must analyze 'collection letters from the perspective of a debtor who is uninformed,

naïve, or trusting, but is making basic, reasonable and logical deductions and inferences.'"

*McGinty v. Prof'l Claims Bureau, Inc.*, No. 15 CV 4356 SJF ARL, 2016 WL 6069180, at *3

(E.D.N.Y. Oct. 17, 2016)(citing *Dewees, v Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132

(E.D.N.Y. 2007)).  By using this standard, courts in this circuit are able "to protect the naive

from abusive practices while simultaneously shielding debt collectors from liability for bizarre or

idiosyncratic interpretations of debt collection letters." *Iadevaio* 2019 WL 4094922, at *3.

"[T]he determination of how the least sophisticated consumer would view language in a

defendant's collection letter is a question of law" for the court to decide.  *Berger v. Suburban

Credit Corp.*, No. 04-cv-4006, 2006 U.S. Dist. LEXIS 62909, 2006 WL 2570915, at *3

(E.D.N.Y. Sept. 5, 2006) (citing *Schweizer v. Trans Union Corp.,* 136 F.3d 233, 237-38 (2d Cir.

1998); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-63 (2d Cir. 1993)).

Plaintiff argues that if not interest or late fees were accruing on the debt than the use of

the phrase "current balance" in the Collection Letter "could be interpreted by the least

sophisticated consumer in a manner that would cause such consumers to falsely believe that her

balance might increase."  Pl. Mem. at 3.  This precise argument was recently rejected in the

District.[2]  *See Shahin v. Client Servs.*, 19-cv-02070 (DLI)(PK), 2020 U.S. Dist. LEXIS 55247

(E.D.N.Y. Mar. 30 2020).  As recognized by Judge Irizzary in *Shahin,* "[t]he Second Circuit has

held that, 'if a collection notice correctly states a consumer's balance . . . and no such interest or

---

[2] In fact, the collection letter in Shahin was nearly identical to the one at issue here.  *Shahin*, 2020 U.S. Dist. LEXIS 55247 at * 2.

fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of debt under Section 1692g.'" *Id*. at *5. (citing *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 215 (2d Cir. 2018). The *Shahin* Court rejected the position advanced by Plaintiff here that the phrase "current balance" could be confusing. *Shahin*, 2020 U.S. Dist. LEXIS 55247 at * 5. Other courts within this District have reached a similar conclusion. *See, e.g., Abreu v. Midland Funding, LLC*, 18-cv-00390 (DLI)(SMG), 2019 U.S. Dist. LEXIS 173990 (E.D.N.Y. Sept. 30, 2019) ("Plaintiff reads *Taylor* to suggest that a collection letter stating a current balance without specifying whether interest is accruing could give rise to liability. The Court rejects this argument for the same reason courts have rejected identical claims involving the same collection letter. As other district courts have also concluded, 'this is a lawyer's case,' meaning the complaint 'alleges a defect of which only a sophisticated lawyer, not the least sophisticated consumer, would conceive.'"); *Donaeva v. Client Services, Inc.*, No. 18-cv-6595 (BMC), 2019 U.S. Dist. LEXIS 116419, 20193067108, at *2 (E.D.N.Y. July 12, 2019)("'[E]ven the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care.'")

Accordingly, it is respectfully recommended that Counts One and Three of Plaintiff's Complaint be dismissed.

With respect to Counts Four and Six, Defendants argue that "Plaintiff's Fourth and Sixth Causes of Action do not set forth any facts or allegations that could plausibly raise a right of relief above a speculative level" noting that these two counts do no more that restate the relevant FDCPA provisions. Def. Mem. at 8-9. Plaintiff fails to respond to this argument and, therefore these claims are deemed abandoned. *See, e.g., Canas v. Whitaker*, No. 6:19-CV-06031-MAT,

2019 U.S. Dist. LEXIS 89812, 2019 WL 2287789, at *6 (W.D.N.Y. May 29, 2019) ("'It is well settled in this Circuit that '[a] plaintiff effectively concedes a defendant's arguments by his failure to respond to them'"); *Felske v. Hirschmann*, No. 10 Civ. 8899 (RMB), 2012 U.S. Dist. LEXIS 29893, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) ("A Plaintiff effectively concedes a defendant's arguments by his failure to respond to them"); *Rosenblatt v. City of New York*, No. 05 Civ. 5521 (GEL), 2007 U.S. Dist. LEXIS 55853, 2007 WL 2197835, at *7 (S.D.N.Y. July 31, 2007) ("Plaintiff effectively concedes defendants' other arguments ... by her failure to respond to them"); *Miles v. Walawender*, No. 10-CV-00973 (JJM), 2013 U.S. Dist. LEXIS 65068, 2013 WL 1908304, at *1 (W.D.N.Y. May 7, 2013) ("Plaintiff's opposing Memorandum of Law does not respond to this argument, and effectively concedes these arguments by his failure to respond to them").

Accordingly, it is respectfully recommended that Counts Four and Six of Plaintiff's Complaint be dismissed.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997);

8

*Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
         June 11, 2020

_____/s_____
ARLENE R. LINDSAY