UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PAUL DANGELO, on behalf of himself
and all others similarly situated,

                        Plaintiff,

      -against-

CLIENT SERVICES, INC. and
CSI INTERCO, LLC,

                     Defendants.
--------------------------------------------------------X

FILED
CLERK

7/21/2020 2:20 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
19-CV-1915 (SJF)(ARL)

FEUERSTEIN, District Judge:

       Pending before the Court is the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated June 11, 2020 ("the Report"), (1) recommending that the motion of defendants Client Services, Inc. and CSI Interco, LLC (collectively, "defendants") to dismiss the claims of plaintiff Paul Dangelo ("plaintiff") against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted[1]; and (2) advising, *inter alia*, (a) that "[p]ursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of th[e] [R]eport . . . to file written objections," (Report at 8), and (b) that "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal." (*Id.*) (citing *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). Although a copy of the Report was served upon all parties via ECF on June 11, 2020, (*see* Docket Entry ["DE"] 20), no party has

---

[1] Defendants do not seek to dismiss plaintiff's second cause of action alleging that the language of the subject collection letter was deceptive because it does not notify the debtor that the "Current Balance" may increase due to accruing interest and/or other charges. However, since it is undisputed that the debt is static, (*see* Plf. Mem. at 1), plaintiff's second cause of action is dismissed in its entirety with prejudice for failure to state a claim for relief.

filed any timely objections to the Report, nor sought an extension of time to do so. For the reasons set forth below, the Report is accepted in its entirety.

I.     Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas*, 474 U.S. at 150, 106 S. Ct. 466. Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is non-jurisdictional and, thus, the Court may excuse a violation thereof "in the interests of justice." *Neita v. Precision Pipeline Sols.*, 768 F. App'x 12, 14 (2d Cir. Apr. 29, 2019) (summary order) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 39 (2d Cir. 1997)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has

substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *see also Isigi v. Dorvilier*, 795 F. App'x 31, 34 (2d Cir. Dec. 19, 2019) ("While we have discretion to excuse a failure to object 'in the interests of justice,' we will ordinarily not exercise that discretion unless 'the magistrate judge [has] committed plain error.'" (brackets in original)).

II.     Review of Report

Since no party has filed any timely objections to the Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. As the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, defendants' motion to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted and plaintiff's first, third, fourth and sixth claims against defendants are dismissed in their entirety with prejudice.[2]

III.    Conclusion

For the reasons set forth above, the Report is accepted in its entirety; defendants' motion to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted; and plaintiff's claims are dismissed in their entirety with prejudice for failure to state a

---

[2] The complaint does not contain a fifth cause of action and, as set forth above, plaintiff's second cause of action is dismissed in its entirety with prejudice for failure to state a claim for relief since it is undisputed that the debt is static.

3

claim for relief. The Clerk of the Court shall enter judgment in accordance with this Order and close this case.

SO ORDERED.

                                                    ___/s/ *Sandra J. Feuerstein*_____
                                                    SANDRA J. FEUERSTEIN
                                                    United States District Judge

Dated:  July 21, 2020
           Central Islip, New York